IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MATTHEW S. THOMAS, SR.,
    Petitioner,

vs.　　　　　　　　　　　　　　　　　　Case No.: 3:05cv124/MCR/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

### ORDER, REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 7). Petitioner filed a reply (Doc. 13).

    The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is undisputed by the parties. On April 29, 2003, following a jury trial in the Circuit Court for Escambia County, Florida, Petitioner was convicted of sale of cocaine (Doc. 7, Ex. A at 9, 14). Petitioner was sentenced to eight years of incarceration (*id.*, Ex. A at 17). Petitioner appealed his conviction and sentence to the Florida First District Court

---

    [1]James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

of Appeal (First DCA), and the public defender's office filed an Anders[2] brief alleging that they could not in good faith argue any error (*id.*, Ex. C). The First DCA affirmed the conviction per curiam without opinion on July 19, 2004, with the mandate issuing August 4, 2004 (*id.*, Exs. D, E). Thomas v. State, 877 So. 2d 727 (Fla. 1st DCA July 19, 2004) (Table).

On August 18, 2004, Petitioner filed a motion for post-conviction relief with the trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, asserting three claims: (1) his sentence violated Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 150 L. Ed. 2d 403 (2004), because he was deprived of his Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence; (2) his sentence was beyond the computed statutory standard maximum; and (3) Florida Statute § 921.06 of the Criminal Punishment Code is unconstitutional, because it allows the trial judge unguided discretion (Doc. 7, Ex. F at 6–7). On October 5, 2004, the trial court issued a written order denying Petitioner's motion (*id.*, Ex. F at 10–12). Petitioner appealed to the First DCA, which affirmed per curiam without opinion on December 22, 2004 (*id.*, Ex. G). Thomas v. State, 895 So. 2d 1072 (Fla. 1st DCA Dec. 22, 2004) (Table). The mandate was issued on March 29, 2005. Thomas v. State, Case No. 1D04-4817, Florida First District Court of Appeal Docket, Docket Entry dated March 29, 2005.[3]

Petitioner filed the instant habeas action on April 6, 2005 (*see* Doc. 1 at 6). He challenges his conviction on the following grounds:

(1) Florida Statute § 921.002 of the Criminal Punishment Code is unconstitutional.

(2) Petitioner's sentence is unconstitutional and violates the equal protection clause of the United States Constitution.

(3) Petitioner's sentence was beyond the computed statutory standard maximum.

(Doc. 1 at 4–5).

Respondent concedes that the petition is timely (Doc. 7 at 5) but argues that Petitioner failed to present his first and second federal claims to the state courts (*id.* at 9–10, 22–24). However,

---

[2] Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Prior to issuance of the mandate, Petitioner filed a motion for rehearing, which the First DCA denied (Doc. 7, Exs. H, I).

Respondent argues that the court should reach the merits of all of Petitioner's claims and that they are all without merit (*id*. at 11–21, 24–28).

II.   STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254 now provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4]  The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court

---

[4]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99, 120 S. Ct. at 1499–1503, 1511–16); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13, 120 S. Ct. at 1518–23).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

>adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260–61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343–45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404–06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the

"contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Id. (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2),

determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." Section 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).") (dictum); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835–36 (11thCir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11thCir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11thCir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11thCir. 2004) ("[Petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record.")).

III.   EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation

---

[5]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A)  the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i)  there is an absence of available State corrective process; or
      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Id.* (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.* at 7 & n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to

mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[6] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Id.* at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[7]

---

[6]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

[7]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 2555 & n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.* A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[8] Second, the state court's decision on the

---

to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

[8]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.  PETITIONER'S CLAIMS

    A.  Ground one: Florida Statute § 921.002 of the Criminal Punishment Code (CPC) is unconstitutional

(Doc. 1 at 4). Petitioner alleges that the statute "exceeds the judicial estimate of the proper role of the judge and allows unguided discretion" (*id.*).

### 1.   Clearly Established Supreme Court Law

Legislatures are free to decide how much discretion in sentencing should be given to the judge or jury in noncapital cases. Lockett v. Ohio, 438 U.S. 586, 603–04, 98 S. Ct. 2954, 57 L. Ed. 2d 973 (1978). The Supreme Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence *within a statutory range*." United States v. Booker, 543 U.S. 220, 233, 125 S. Ct. 738, 750, 160 L. Ed. 2d 621 (2005) (emphasis added); Apprendi v. New Jersey, 530 U.S. 466, 481, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); Williams v. New York, 337 U.S. 241, 246, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949).

### 2.   Federal Review of State Court Decision

Petitioner argues that section 921.002 of Florida's Criminal Punishment Code is unconstitutional (Doc. 1 at 4). Respondent contends that Petitioner's claim is not exhausted, because Petitioner did not put the state court on notice that he was raising any particular federal constitutional claim (Doc. 7 at 9). In Petitioner's post-conviction appeal, he simply stated that the statute is "unconstitutional and prejudicial" to him but did not refer to any specific constitutional provision (*id.*). Further, Respondent argues that Petitioner's claim is not "fairly presented" because Petitioner does not specify which part of the Constitution has been violated (*id.* at 9–10). Respondent states that Petitioner could still raise this claim in state court under Florida Rule of Criminal Procedure 3.800(a), but Respondent suggests that this court should reach the merits of Petitioner's claim (*id.* at 10). While it does not appear that Petitioner exhausted this claim in state court, section 2254 permits a habeas petition to be denied on the merits, notwithstanding the failure of the petitioner to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

The Rule 3.850 court made several findings that are applicable to Petitioner's claim. One, the court made state law findings regarding Petitioner's sentence. It found that Petitioner was sentenced under the Criminal Punishment Code, Florida Statute § 921.002, which sets the permitted sentencing range between the minimum guidelines sentence and the statutory maximum (Doc. 7, Ex. F at 11). Specifically, section 921.002(g) gives the trial court judge discretion to "impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the

court due to a violation of probation or community control" (*id.*, Ex. F at 12).  The statutory maximum for sale or delivery of cocaine, a second-degree felony, is fifteen years in prison (*id.*, Ex. F at 12 (citing Fla. Stat. § 775.082(3)(c)).  Two, the court made findings of fact that at the time of trial, Petitioner's scoresheet reflected a lowest permissible prison sentence of 15.1 months and that Petitioner was in fact sentenced to eight years (*id.*, Ex. F at 10–11; *see also id.*, Ex. A at 11, 17).

Since the state court made no finding on the claim that the statute is unconstitutional, this court must review the federal claim de novo.  However, this court must accept the state court's state law findings. "[S]tate courts are the ultimate expositors of state law," and federal courts must therefore abide by their rulings on matters of state law.  Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 1886, 44 L. Ed. 2d 508 (1975) (citations and footnote omitted); Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338, 1354–55 (11th Cir. 2005); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).  Further, this court defers to the trial court's factual findings, as Petitioner has not shown by clear and convincing evidence that the findings were unreasonable. *See* 28 U.S.C. §§ 2254(d)(2), -(e)(1); Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2). Not only must the factual determination have been unreasonable, but the state court's factual findings must be shown unreasonable by clear and convincing evidence.").

Based on the state court's findings, this court concludes that Petitioner's claim is without merit.  The Florida legislature has given judges discretion to impose sentences up to fifteen years in prison for the sale or delivery of cocaine.  In Petitioner's case, the judge exercised this discretion and imposed a sentence (eight years) within the statutory range.  According to long-established Supreme Court law, both Florida's sentencing statute (section 921.002 of the Florida Criminal Punishment Code) and the judge's action in this case were constitutional. *See* Booker, 543 U.S. at 233; Lockett, 438 U.S. at 603–04.

  B. <u>Ground two: Petitioner's sentence is unconstitutional and violates the Equal Protection clause of the United States Constitution</u>

(Doc. 1 at 4). In ground two, Petitioner appears to raise two subclaims. One, Petitioner contends that the trial court's sentencing procedure deprived him of his Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence (*id.*). Two, he states that his sentence is not consistent with other offenders with the same criminal history (*id.*).

>  1. Sixth Amendment claim
>  >  a. Clearly Established Supreme Court Law

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. 466. The "statutory maximum" for Apprendi purposes is the maximum sentence that state law authorizes a judge to impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, 542 U.S. at 296.

>  >  b. Federal Review of State Court Decision

Petitioner states that the court's sentencing procedure deprived him of his Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence (Doc. 1 at 4). He raised this claim in his Rule 3.850 motion (Doc. 7, Ex. F at 15).

The state court found that Blakely is inapplicable in Petitioner's case, because Florida's Criminal Punishment Code erases the "maximum guideline sentence" that invalidated the Washington scheme by setting the permitted sentencing range between the minimum guidelines sentence and the statutory maximum (*id.*, Ex. F at 20–21). As discussed above, the court also found that the statutory maximum for sale or delivery of cocaine is fifteen years, and Petitioner was sentenced to eight years (*id.*, Ex. F at 21).

Because the state court explicitly identified and applied Blakely, and the state court did not reach a decision different from the Supreme Court in a case with indistinguishable facts, Petitioner cannot show the state court decision was "contrary to" Blakely. Further, this court defers to the trial court's factual findings, as Petitioner has not shown by clear and convincing evidence that the findings were unreasonable. *See* 28 U.S.C. §§ 2254(d)(2), -(e)(1); Campbell, 427 F.3d at 926. Finally, based on the state court's findings, this court cannot say that the state court's denial of Petitioner's claim was objectively unreasonable. The facts of Blakey do not apply to either Florida's sentencing scheme or the facts of this case. State law authorized the judge in Petitioner's case to

impose a sentence of up to fifteen years, solely on the basis of the facts reflected in the jury verdict. In fact, the judge sentenced Petitioner to only eight years. Therefore, the judge did not make a sentencing decision based on any facts not admitted to the jury. Petitioner's Blakely claim is without merit.

    2.   Equal Protection claim

      a.   Clearly Established Supreme Court Law

  The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. See Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest," such as race, gender, or religion. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotation marks omitted). Thus, in order to assert a viable equal protection claim, a petitioner must first make a threshold showing that he was treated differently from others who were similarly situated to him. See Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). "Bare allegations that 'other[s],' even 'all other[s],' were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' [people] were situated similarly to the [complainant]." GJR Inv., Inc. v. Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998).

  Petitioner must also allege that respondents acted with the intent to discriminate against him. See McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). There must be intentional discrimination: "[m]ere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause." Realty, 830 F.2d at 1114. "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group." Id. (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or assertions of personal belief of disparate treatment or

discriminatory intent are insufficient. GJR, 132 F.3d at 1367–68 (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

    b.  Federal Review of State Court Decision

  Petitioner contends that his sentence violates the Equal Protection Clause because it is not consistent with the sentences of other offenders with the same criminal history and criminal charge (Doc. 1 at 4). Respondent argues that this claim was never presented to the state trial court, so it is not exhausted, but since the claim relates to the legality of the sentence, Petitioner could return to state court and file a 3.800(a) motion raising this argument (Doc. 7 at 22). Thus, Respondent suggests that this court should reach the merits of this claim (*id.* at 23). While it does not appear that Petitioner exhausted this claim in state court, section 2254 permits a habeas petition to be denied on the merits, notwithstanding the failure of the petitioner to exhaust state court remedies. 28 U.S.C. § 2254(b)(2). Upon review, this court concludes that Petitioner's claim is without merit.

  Petitioner has not alleged sufficient facts to warrant relief on an Equal Protection claim. For example, he has alleged that his sentence is not consistent with the sentence of other offenders with the same criminal history and criminal charge, but he has not alleged any facts showing that he is similarly situated to the other offenders. Moreover, Petitioner has not alleged that any state actor acted with the intent to discriminate against him on the basis of his membership in a protected class. Therefore, Petitioner's allegation that his sentence violated the Equal Protection clause is without merit.

  C.  Ground three: Petitioner's sentence was beyond the computed statutory standard maximum

(Doc. 1 at 5). Petitioner states that he was sentenced to eight years even though his score was only fifteen months (*id.*). He contends that the verdict alone did not authorize his sentence and there were no facts to require a sentence enhancement (*id.*).

  1.  Clearly Established Supreme Court Law

  Federal habeas relief is available to correct only federal constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991);

Wainwright v. Goode, 464 U.S. 78, 83–84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983).  Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief.  *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11thCir. 1983)).  If a state judge imposes a sentence that does not exceed the maximum authorized by state law, the judge's application of the state sentencing guidelines is a matter of state law not cognizable in federal habeas proceedings.  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Willeford v. Estelle, 538 F.2d 1194, 1196–98 (5th Cir. 1976).

  2. Federal Review of State Court Decision

Petitioner argues that he was sentenced to eight years even though his score was only fifteen months (Doc. 1 at 5).  Petitioner raised this claim in his Rule 3.850 motion (Doc. 7, Ex. F at 15). As discussed above, the state court found that Petitioner's scoresheet required a *minimum* sentence of fifteen months, and that the statutory maximum for sale or delivery of cocaine is fifteen years (*id.*, Ex. F at 19–21).  Therefore, Petitioner was not sentenced to more than the statutory maximum (*see id.*, Ex. F at 21).  As above, this court accepts the state court's findings on this matter.

To the extent Petitioner is challenging the length of his sentence, this is a question of state law not cognizable in federal habeas proceedings.  Branan, 861 F.2d at 1508; Estelle, 538 F.2d at 1196–98.  Therefore, Petitioner's third claim is without merit.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James V. Crosby, Jr. as Respondent.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola this 9th day of November 2006.

         /s/ *Elizabeth M. Timothy*
         **ELIZABETH M. TIMOTHY**
         **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**